UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA PAVONE,

          Plaintiff,

v.

TRANS UNION, L.L.C. and CONGRESS
COLLECTION CORPORATION,

          Defendants.

Case number 07-12588

Honorable Julian Abele Cook, Jr.

## ORDER

This is a lawsuit in which the Plaintiff, Lisa Pavone, has accused the Defendants, Trans Union, L.L.C. ("Trans Union") and the Congress Collection Corporation ("Congress Collection") of violating the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) to her economic detriment.

I.

Beginning in November of 2002, Pavone maintains that she undertook a series of unsuccessful efforts to obtain a correction in the credit records of Congress Collection which incorrectly reflected an indebtedness by her to the Wayne State University in the sum of $1,297.35. In 2006, Pavone learned that a credit report at Trans Union also contained this same erroneous entry. She made efforts to have this inaccuracy corrected, but insists that her attempts were met with obduracy and broken promises by Trans Union.

Feeling aggrieved, she commenced this lawsuit on June 16, 2007, seeking - among other things - a correction in her credit records. On May 21, 2008, Congress Collection filed a motion for the entry of a judgment on the pleadings, citing to Fed.R.Civ.P.12(c). However, and despite the passage of several months, Pavone has failed to file any response to the Congress Collection's

motion or take any other lawfully permitted action as of this date.

II.

In 1998, the Sixth Circuit Court of Appeals opined that a motion for a judgment on the pleadings under Rule 12(c) should be decided in the same manner as a motion to dismiss under Rule 12(b)(6). *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Thus, Pavone's complaint is to be construed "in the light most favorable to [her]," which, in turn, leads to the question of "whether [she] undoubtedly can prove no set of facts in support of the claims that would entitle [her to] relief." *Id*. For the purpose of a motion under Rule 12(c), all well-pleaded material allegations of the pleadings by the non-moving party must be taken as true, *United States v. Moriarty,* 8 F.3d 329, 332. Thus, the motion by Congress Collection should be granted only if there is no genuine issue of a material fact, and the movant is entitled to a judgment as a matter of law.

III.

The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* regulates the collection, dissemination, and use of consumer credit information. This Act regulates "consumer reporting agencies" and "information furnishers." A consumer reporting agency, such as Trans Union, is an entity that collects and disseminates information about consumers to be used for credit evaluation, while an information furnisher, like Congress Collection, is a company that provides information to consumer reporting agencies.

In her complaint, Pavone alleges that Congress Collection violated 15 U.S.C. §§1681s-2, which (1) requires those who transmit financial information to do so with accuracy (§1681s-2(a)), and (2) sets forth the obligations of information furnishers upon their receipt of a notice of a dispute by a credit reporting agency (§1681s-2(b)). However, subsection (d) provides that the requirements

imposed by subsection (a) are only enforceable by government officials.[1] Thus, there is no private right of action for an alleged violation of §1681s-2(a). *Stafford v. Cross Country Bank,* 262 F.Supp. 2d 776, 782-783 (W.D. Ky. 2003).

In response to a notice from a consumer reporting agency that a consumer has challenged the supplied information, the furnisher is required to (1) investigate the veracity of the disputed information, (2) review the information provided by the consumer reporting agency, (3) report the results of the investigation, and (4) correct any inaccuracies uncovered by the investigation. 15 U.S.C. §1681s-2(b)(1)(A)-(D).

Here, Pavone claims that Congress Collection failed to satisfy its responsibilities after she notified them of her dispute with the challenged debt to the Wayne State University. However, in order to have a viable claim under this section, she - as an aggrieved person - is also required to establish that Congress Collection received a notice *from a consumer reporting agency* that the debt was in dispute.[2] A close reading of Pavone's complaint reveals that she has only claimed that she (or her husband) notified Congress Collection that the alleged debt was in dispute. There is no cause of action under 15U.S.C. §1681s-2(b) when a consumer notifies the furnisher directly that the information is incorrect. *Downs v. Clayton Homes, Inc.,* 88 Fed.Appx. 851, 853 (6th *Cir. 2004), Abdrabboh v. Capital One Bank*, 2006 WL 30004080, *10 (E.D. Mich. 2006). Inasmuch as Pavone has not alleged that Congress Collection was notified by a consumer reporting agency, her complaint must be dismissed.

---

[1] 15 U.S.C. § 1681s-2(d) states: "Subsection (a) of this section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials and the State officials identified in this section."

[2] §1681s-2(b) imposes the duties set forth in the previous paragraph, but only "[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute."

IV.

For the reasons that have been set forth above, Pavone has failed to allege a cause of action against Congress Collection for violation of the Fair Credit Reporting Act, 15 U.S.C. §1681s-2. Accordingly, Congress Collection's motion to dismiss must be, and is, granted.

IT IS SO ORDERED.


Dated:   September 5, 2008              s/ Julian Abele Cook, Jr.
         Detroit, Michigan              JULIAN ABELE COOK, JR.
                                        United States District Court Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 5, 2008.

                                        s/ Kay Alford
                                        Case Manager