# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LISA ERIKA PAVONE, M.D.,

       Plaintiff,          CIVIL ACTION NO. 07-CV-12588

VS.                          DISTRICT JUDGE JULIAN ABELE COOK

TRANS UNION, LLC,      MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT TRANS UNION, LLC'S MOTION TO COMPEL DISCOVERY RESPONSES AND FOR LEAVE TO CONDUCT DISCOVERY AFTER CUT-OFF (DOCKET NO. 26)

This matter comes before the Court on the Defendant Trans Union, LLC's Motion To Compel Discovery Responses And For Leave To Conduct Discovery After Cut-Off filed on October 8, 2008. (Docket no. 26). Plaintiff filed a Response To Defendant's Motion To Compel Discovery Responses on October 29, 2008. (Docket no. 29). Defendant filed a Reply on November 7, 2008. (Docket no. 30). The parties filed a Joint Statement Of Resolved And Unresolved Issues on November 19, 2009. (Docket no. 31). This matter was referred to the undersigned for decision pursuant to 28 U.S.C. 636(B)(1)(A). (Docket no. 27). The Court heard oral argument on this matter on November 26, 2008. The motion is now ready for ruling.

Prior to the hearing the parties had already resolved the key issues regarding Defendant's request that Plaintiff supplement her discovery responses. (Docket no. 31). The only remaining issues are Defendant's request for fees and costs incurred in bringing this motion and Defendant's Motion For Leave To Conduct Discovery After Cut-Off. (Docket no. 26, 31).

Defendant served Interrogatories, Requests for Admission and Requests for Production on Plaintiff on September 24, 2007. (Docket no. 26). Defendant states that Plaintiff served answers to the requests for admission on October 24, 2007, and answered the interrogatories and requests for production on May 23, 2008. (Docket no. 26-3). Defendant filed its Motion To Compel Discovery Responses And For Leave To Conduct Discovery After Cut-Off on October 8, 2008. (Docket no. 26). Defendant alleges that Plaintiff's answers and responses were insufficient, seeks attorneys fees and costs incurred in bringing the motion and asks the Court for leave to conduct additional discovery after the December 19, 2008 discovery deadline. (Docket no. 26). Although the issues related to the Motion to Compel Discovery Responses are resolved, Defendant seeks attorneys fees and costs associated with bringing this motion.

Defendant shows that it asked Plaintiff to supplement her discovery responses on four separate occasions over the course of three months. (Docket nos. 26-4, 26-5, 26-6, 26-7). Plaintiff argues that Defendant's motion was unnecessary and Plaintiff shows that when Defendant's counsel notified her counsel via email of Defendant's intention to file the motion to compel, the motion was already prepared and Defendant's counsel gave Plaintiff's counsel only two hours to respond to his email. (Docket no. 29-3). Plaintiff's counsel shows that he responded via email the same day at 5:24 p.m., outside of the two-hour window provided by Defendant's counsel, and Defendant filed the motion shortly thereafter. (Docket no. 29, 29-3). Plaintiff's counsel responded that he planned "on supplementing the discovery." (Docket no. 29-3).

Fed. R. Civ. P. 37(a)(5)(A) provides that:

> If the motion [to compel] is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable

2

expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

Defendant waited more than four months after receiving Plaintiff's allegedly deficient responses before filing a motion to compel. Correspondence between the parties shows that Defendant then announced its intention to file the motion to compel and gave Plaintiff only two hours to respond; Plaintiff was unable to respond within this limited time frame despite responding to Defendant's email correspondence the same day. (Docket no. 29-3). When Plaintiff's counsel responded, he indicated that he planned to supplement the discovery responses. (Docket no. 29-3). The Court finds that these circumstances make an award of expenses unjust in this matter. Fed. R. Civ. P. 37(a)(5)(A)(i), (ii); *see also* Fed. R. Civ. P. 37(a)(1); E.D. Mich. LR 7.1. The Court will deny Defendant's request for fees and costs.

Defendant also asks the Court for leave to conduct discovery past the December 19, 2008 deadline. (Docket no. 24). Defendant argues that "Plaintiff's unexcused delay in producing the required information threatens to unfairly prejudice Trans Union's ability to prepare its defense within the time remaining for discovery" and that the delay "has necessitated postponement of Plaintiff's deposition and consideration of possible third-party discovery." (Docket no. 30). Defendant asks the Court to allow it to conduct "whatever further discovery it deems necessary after the existing discovery cut-off" and asks the Court to adjust the dispositive motion deadline accordingly. (Docket no. 30). Plaintiff argues that Defendant's Motion To Compel was unnecessary because Plaintiff has since supplemented and amended some of her responses. Plaintiff asks the

3

Court to deny Defendant's motion to extend discovery unless she is also allowed to extend discovery. Defendant objects to extending Plaintiff's discovery deadline.

Rule 16(b)(4), Fed. R. Civ. P., allows the Court modify a scheduling order for good cause. Defendant initially argued that without the supplemental information it could neither depose Plaintiff nor determine what additional discovery may be necessary. (Docket no. 26). Defendant now has the supplemented and amended responses and has deposed Plaintiff. Defendant argues that Plaintiff recently served additional discovery requests on two non-parties, and as a result of their discovery responses Defendant *may* need further discovery. Defendant has not shown a need for specific additional discovery at this time, has not indicated how much additional time it may need and has failed to show good cause to extend the scheduling order. The Court will deny without prejudice Defendant's Motion For Leave To Conduct Discovery After Cut-Off. (Docket no. 26).

**IT IS THEREFORE ORDERED** that Defendant's Motion To Compel Discovery Responses And For Leave To Conduct Discovery After Cut-Off (docket no. 26) is **DENIED** as moot to the extent that it seeks to compel discovery responses.

**IT IS FURTHER ORDERED** that Defendant's Motion To Compel Discovery Responses And For Leave To Conduct Discovery After Cut-Off (docket no. 26) is **DENIED** to the extent that it seeks attorneys fees and costs.

**IT IS FURTHER ORDERED** that Defendant's Motion To Compel Discovery Responses And For Leave To Conduct Discovery After Cut-Off is **DENIED** without prejudice to the extent that it seeks to extend the discovery deadline.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: December 05, 2008       s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: December 05, 2008       s/ Lisa C. Bartlett
                                        Courtroom Deputy