UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA PAVONE,

        Plaintiff,

v.

                                         Case No. 07-12588

TRANS UNION, L.L.C. and CONGRESS     Honorable Julian Abele Cook, Jr.
COLLECTION CORPORATION,

        Defendants.

### ORDER

This lawsuit pertains to claims by the Plaintiff, Lisa Pavone, that the Defendants,[1] Trans Union, L.L.C. ("Trans Union") and the Congress Collection Corporation ("Congress Collection"), violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., when they failed to correct an error in her credit report.

On September 5, 2008, the Court issued an order which granted Congress Collection's unopposed motion for the entry of a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).[2] Ten days later, Pavone filed a motion for reconsideration of this order or, in the alternative, for leave to file a first amended complaint. Congress Collection opposes this motion.

---

[1] On the basis of a stipulation between Pavone and Trans Union, the Court entered an order on March 2, 2009, which dismissed her claims against this Trans Union with prejudice.

[2] Fed. R. Civ. P. 12(c) states: "After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings."

I.

Pavone alleges that beginning in November 2002, she and/or her husband undertook repeated efforts to correct an allegedly erroneous debt to the Wayne State University in the amount of $1,297.35, which was reflected in the credit record that had been maintained by Congress Collection. She asserts that her credit report, which was issued by Trans Union in 2006, was also in error. Thus, Pavone maintains that, notwithstanding her attempts to obtain a correction of these errors, Congress Collection resisted these efforts and, in so doing, continued to report inaccurate information about her credit.

In support of her motion, Pavone asserts that five days after the Court had rendered its ruling on Congress Collection's motion for the entry of a judgment on the pleadings, she received Trans Union's response to a request for the production of documents that had been made by her in April 2008. Pavone also alleges that, while perusing through this discovery material from Trans Union, she uncovered two documents which, in her view, clearly establish that Trans Union had conveyed the claimed erroneous credit information (i.e., debt to the Wayne State University) to Congress Collection.

The order of September 15, 2008 was based, in part, on the determination by the Court that Pavone did not allege that Congress Collection had received notice from a consumer reporting agency which indicated that the debt was being disputed. Pavone believes that this new information effectively corrects this void which, in turn, clearly establishes that Congress Collection did receive notice from Trans Union and, in so doing, satisfies the notice requirement under the Fair Credit Reporting Act.

Congress Collection disagrees, contending that Pavone's should not be allowed to regain

entry into an issue which has already been resolved by the Court. Congress Collection also asserts that the documents which have been proffered by Pavone are immaterial to this case because, in its opinion, she does not have any private right of action under 15 U.S.C. § 6812-2(a).

II.

According to E.D. Mich. LR 7.1(g), motions for reconsideration will not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." Thus, such a motion will be granted only when the moving party demonstrates that there is "a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* Moreover, Fed. R. Civ. P. 15(a)(2) provides that a party may amend its pleading with the consent of the court, which should be freely given "when justice so requires."

In this case, Pavone has asserted that she received new information from Trans Union after the Court entered an order which granted Congress Collection's motion for judgment on the pleadings. This information, if permitted by the Court to be filed in this cause, would ostensibly allow her to plead that Congress Collection received notice from a consumer reporting agency which would thereby satisfy the notice requirement of 15 U.S.C. § 1681s-2(b). *See Downs v. Clayton Homes, Inc.*, 88 Fed. Appx. 851, 853 (6th Cir. 2004) ("the plaintiff must show that the furnisher [of information] received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed"). Congress Collection's contention (i.e., that the ruling of the Court should nevertheless be upheld because § 1681s-2(a) does not provide a private cause of action) is immaterial as Pavone is pursuing the allegations here under § 1681-s2(b). Thus, the Court believes that Pavone has demonstrated the existence of a palpable defect that could result in

3

a different disposition in this matter.

III.

Accordingly, for the reasons stated above, the Court will (1) grant Pavone's motion for reconsideration and (2) direct her to file an amended complaint reflecting the newly discovered information within a period of ten (10) days from the date of the entry of this order.  Moreover, as this case had already been closed, the Court directs the Clerk of the Court to reopen this action to allow for further legal proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  June 10, 2009  
       Detroit, Michigan

S/Julian Abele Cook, Jr.  
JULIAN ABELE COOK, JR.  
United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 10, 2009.

s/ Kay Doaks  
Case Manager

4